**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-25539-BLOOM/Elfenbein

PATRICIA BISESSAR,

      Plaintiff,

v.

CARNIVAL CORPORATION,
*a Panamanian Corporation d/b/a*
CARNIVAL CRUISE LINES,

      Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO**
**DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint ("Motion"), ECF No. [6]. Plaintiff Patricia Bisessar filed a Response, ECF No. [7], to which Defendant filed a Reply, ECF No. [10]. The Court has carefully reviewed the Complaint, the Motion, the Response, the Reply, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted.

**I.      BACKGROUND**

Plaintiff filed her Complaint against Defendant alleging she was injured while a passenger aboard Defendant's vessel, the *Horizon*. ECF No. [1] ¶¶ 12-13. Plaintiff alleges that on October 30, 2024, she was walking on Deck 4 approaching the vessel's casino when she tripped on "an unmarked raised threshold or sudden change in elevation" on the interior walking surface and fell. *Id.* ¶ 13. She sustained severe injuries including shoulder injuries requiring treatment and surgery. *Id.* She alleges that Defendant knew, or in the exercise of reasonable care, should have known of

the dangerous condition: "an unmarked raised threshold or change of elevation." *Id.* ¶¶ 14-15. She alleges that Defendant had actual and/or constructive notice of the propensity for passengers to trip and fall on raised thresholds and/or transition strips onboard its vessels from prior incidents. *Id.* ¶ 16. She cites to eight prior court cases filed against Defendant alleging trips and falls from raised thresholds or poorly maintained floor transitions. *Id.* She further alleges that Defendant had actual or constructive knowledge of the danger because Defendant has an inspection schedule for the casino and adjacent walkway and the length of time the dangerous condition was present before Plaintiff slipped on it was "long enough to invite corrective measures." *Id.* ¶ 17.

In her Complaint, Plaintiff asserts claims for Negligent Maintenance (Count I) alleging that Defendant failed to maintain the walkway at issue in a reasonably safe condition, and for Negligent Failure to Warn (Count II) alleging that Defendant failed to adequately warn passengers of the dangerous condition. *See* ECF. No. [1]. Defendant's Motion seeks to dismiss the Complaint for failing to sufficiently allege that Defendant had actual or constructive notice of the dangerous condition, as required to sustain claims for direct negligence in maritime law. ECF No. [6] at 3. Plaintiff responds that the Complaint sufficiently establishes notice. ECF No. [7].

## II.   LEGAL STANDARD

### A.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

### B.  General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of

the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro*, 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

### III.    DISCUSSION

#### A. Notice

Defendant argues that the Complaint does not sufficiently allege Defendant had notice because it contains only "threadbare, speculative allegations" that Defendant knew or should have known of the allegedly hazardous raised threshold or sudden change in elevation. ECF No. [6] at 5. Defendant argues that the prior incidents identified in the cases Plaintiff cites do not include enough detail to establish that the situations are similar to the present case, and there were no allegations that the incidents involved the same area or vessel. *Id.* at 6. Defendant contends that Plaintiff's allegations that Defendant had an inspection schedule and that the dangerous condition existed for a long time fails to provide enough detail to establish notice. *Id.* at 6-7. Plaintiff responds that previous incidents can be substantially similar even without identical circumstances, and the cases cited provide sufficient detail to allege notice because they all involve "a trip and fall on an uneven or raised transition threshold, the same type of hazard upon which [Plaintiff] tripped." ECF No. [7] at 2-5. She further argues that Defendant's inspection schedule and the length of time the condition existed, "presumably the entire time Ms. Bisessar was on board," serve

as additional circumstantial evidence from which reasonable inferences can be made to establish Defendant's knowledge. *Id.* at 6.

To hold a defendant directly liable for negligence under maritime law, a cruise ship operator only has a duty to warn or otherwise protect a passenger from danger if the operator has "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608-610 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322); *Yusko v. NCL (Bah.)*, 4 F.4th 1164, 1167 (11th Cir. 2021) ("[P]assenger cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition."). "Actual notice exists when the defendant knows about the dangerous condition" and "[c]onstructive notice exists where 'the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures.'" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (quoting *Keefe*, 867 F.2d at 1322 and citing *Guevara v. NCL (Bah.), Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior incident.'" *Guevara*, 920 F.3d at 720 (quoting *Jones v. Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)).

To establish constructive notice, a plaintiff must set out enough detailed facts to show the hazard existed for a sufficiently long time or that there were substantially similar previous incidents. *See Arouza-Pai v. Carnival Corp.*, No. 21-CV-23511, 2022 WL 18673999, at *3 (S.D. Fla. Dec. 16, 2022) ("A plaintiff must allege facts to support his allegations of constructive notice and cannot rely on mere generalities or conclusory assertions."); *see also Edelman v. MSC Cruises, S.A.*, 24-cv-23060, 2025 WL 240840, at *5-6 (S.D. Fla. Jan. 17, 2025) ("Without any facts about

the prior instances, the Court in [sic] unable to conduct the necessary inquiry to make that determination."); *Bustamante v. Celebrity Cruises, Ltd.*, No. 1:22-cv-20330-JLK, 2022 WL 16727079, at *2 (S.D. Fla. Nov. 2, 2022) (finding the complaint did not sufficiently plead notice because it did not include "specific factual details as to when, if, or how previous passengers were injured"). "The 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015); *see also Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1111 (11th Cir. 2023) (finding plaintiff's allegations survived the motion to dismiss stage because "[p]laintiff alleges 'prior similar incidents' occurred on the Lido Deck of the [the same vessel] or a similarly configured vessel."); *Arouza-Pai*, 2022 WL 18673999, at *4 (finding plaintiff's allegations survived the motion to dismiss stage because plaintiff included "more than 40 prior instances when a passenger slipped and fell on a wet floor on the Lido deck, and more than half of those (25) occurred on the [same vessel].").

However, merely alleging that the hazard occurs frequently and there were previous incidents are insufficient to establish constructive notice. *See Holland*, 50 F.4th at 1096; *see also Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2020 WL 6801883, at *3 (S.D. Fla. Nov. 19, 2020) (finding vague allegations that prior incidents occurred was insufficient); *Bencomo v. Costa Crociere S.P.A. Co.*, No. 10-62437-CIV, 2011 WL 13175217, at *3 (S.D. Fla. Nov. 14, 2011) (finding an argument that wet decks occurred regularly and thus were foreseeable was not sufficient to create constructive notice).

Plaintiff's negligent failure to warn and negligent failure to maintain claims require that Defendant has notice of the dangerous condition. *See Horne*, 741 F. App'x at 608. The parties do not dispute that Plaintiff's claims require notice. *See* ECF Nos. [6] at 3; [7] at 6. Plaintiff asserts

6

Defendant had constructive notice "of the propensity for trip-and-falls on raised thresholds and/or transition strips onboard its vessels from prior incidents." ECF No. [1] ¶ 16. Plaintiff cites the following cases:

    a. On October 24, 2024, cruise passenger, Venus Shields tripped and fell over a raised metal threshold near the restaurant area on Deck 4 of the CARNIVAL SUNRISE. *Shields v. Carnival Corporation*, Case No. 1:25-cv-24847-BLOOM.

    b. On February 23, 2024, cruise passenger Lisa Armenda McDaniel tripped and fell near the dining-room area on Deck 5 of the CARNIVAL DREAM due to a defective, damaged, and/or poorly maintained flooring transition that was not properly secured to the floor and not flush with the surrounding surface. *McDaniel v. Carnival Corporation*, Case No. 1:24-cv-24236.

    c. On September 12, 2023, cruise passenger Carol Smith tripped and fell over an uneven and/or raised metal threshold situated between the casino and Bonsai Sushi restaurant on Deck 5 of the CARNIVAL RADIANCE. *Smith v. Carnival Corporation*, Case No. 1:25-cv-20111-RS.

    d. On May 21, 2023, cruise passenger Cheryl Reed Johnson tripped and fell over a raised metal transition-strip threshold on Deck 3 near the Guest Services Desk onboard the CARNIVAL CONQUEST. *Reed v. Carnival Corporation*, Case No. 1:24-cv-21330.

    e. On December 3, 2023, cruise passenger Elvira Benitez tripped and fell near the dining-room area on Deck 3 of the CARNIVAL GLORY due to a defective and/or poorly maintained flooring transition. *Benitez v. Carnival Corporation*, Case No. 1:24-cv-22785-DPG.

    f. On July 6, 2022, cruise passenger Shirley Iverson-Kristen tripped and fell over a raised metal transition-strip threshold near the Empire Dining Room onboard the CARNIVAL SPIRIT. *Iverson-Kristen v. Carnival Corporation*, Case No. 1:23-cv-22523.

    g. On June 21, 2022, cruise passenger Beth Palese tripped and fell over a raised metal transition-strip threshold on Deck 9 of the CARNIVAL LEGEND. *Palese v. Carnival Corporation*, Case No. 1:23-cv-21487.

    h. On April 3, 2022, cruise passenger Patricia Marie Shideler tripped and fell due to a defective, damaged, and poorly maintained flooring transition while walking on the Mezzanine Deck (Deck 4) of the CARNIVAL VISTA. *Shideler v. Carnival Corporation*, Case No. 1:23-cv-21235-DPG.

ECF No. [1] ¶ 16. Each case indicates the date, the cruise passenger's name, the area, the vessel, and attributes the fall to defective flooring. However, those facts are not sufficient for this Court to determine whether the hazard at issue in those cases is sufficiently similar to the hazard here. None of the cases cited occurred on the same vessel, the *Horizon.* Defendant notes that seven of the eight cases occurred on vessels of a different class. ECF No. [10] at 2. While the Court construes all facts in Plaintiff's favor, Plaintiff has not alleged facts sufficient to demonstrate the similarities between the vessel here and the vessels in those cases. Moreover, Plaintiff defines the hazard here as "an unmarked raised threshold or change of elevation." ECF No. [1] ¶ 14. Plaintiff attributes the falls in the cited cases to a "poorly maintained flooring transition," an "uneven" and/or "raised" "metal threshold," or a "raised metal transition-strip threshold." *Id.* ¶ 16. Plaintiff fails to allege further details regarding the flooring such that the Court cannot determine the type, material, or character of the flooring necessary to determine whether the alleged dangerous condition in those cases are sufficiently similar to the condition here.

Plaintiff cites to Eleventh Circuit cases to argue those prior incidents are sufficient to establish notice. However, Plaintiff's reliance on *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196 (11th Cir. Apr. 25, 2022) and *Brady v. Carnival Corp.*, 33 F.4th 1278 (11th Cir. 2022) is misplaced. In *Cogburn*, the Eleventh Circuit concluded defendant had notice through one prior incident because another passenger had slipped on liquids on the same vessel, in the same location, and on the same type of flooring as plaintiff. *Cogburn*, 2022 WL 1215196, at *4-5. Plaintiff cites to *Cogburn* and argues that one substantially similar prior incident can be sufficient. ECF No. [7] at 2-3. However, Plaintiff has not alleged sufficient facts that even one of the incidents bears close to the same degree of similarity as in *Cogburn.*

In *Brady*, the Eleventh Circuit clarified the notice requirement in cases involving falls on a cruise ship. Where a passenger slipped on a wet surface, the Eleventh Circuit held that notice turns on whether defendant knew the area "had a reasonable tendency to become wet" and whether it knew "that the pool deck where [Brady] fell could be slippery (and therefore dangerous) when wet." *Brady*, 33 F.4th at 1283. The Eleventh Circuit concluded that defendant had constructive notice that a pool deck may be slippery when it posted signs twenty feet from plaintiff's fall because the flooring it was placed on was made of the same material as the place where plaintiff fell. *Id.* Plaintiff cites *Brady* to argue that notice exits when Defendant knew "that the area where the passenger fell (for example, as in this case, Deck 4 toward the casino) contains a tripping hazard." ECF No. [7] at 2. However, none of Plaintiff's incidents allege a tripping hazard on Deck 4 toward the casino on the *Horizon.* Thus, *Brady* is inapplicable.

Moreover*, Cogburn* and *Brady* were both decided on summary judgment with facts established through discovery. *See Cogburn*, 2022 WL 1215196, at *1; *Brady*, 33 F.4th at 1280. However, to survive a motion to dismiss, the Complaint must include enough factual allegations to rise beyond mere speculation. *Twombly*, 550 U.S. at 555. Plaintiff argues that it established each incident with sufficient detail that Defendant, "if [it] maintains a reasonably efficient record-keeping system," can locate and verify the details of each incident. ECF No. [7] at 5. Whether Defendant may have records to confirm the details provided is not the standard. To determine whether Plaintiff has established notice on a motion to dismiss, the Court requires specific factual allegations to determine whether any of those incidents were substantially similar to the accident in this case. Plaintiff failed to provide enough details for the Court to make this determination. To find notice based on the facts presented here would effectively find that Defendant has notice for any passenger that falls on one of its ships due to any uneven flooring. That would significantly

alter the notice requirement in such cases. *See Kendall v. Carnival Corp.*, No. 23-cv-22921-KMM, 2023 WL 8593669, *3 (S.D. Fla. Dec. 8, 2023) ("To accept Plaintiff's argument would require this Court to hold that a cruise ship operator has constructive notice of a dangerous condition when, over the course of seven years and across multiple vessels, six individual [sic] suffered injuries when they fell due to an uneven and/or sloped cruise ship hallway. Such a holding would constitute a great deviation from Eleventh Circuit precedent[.].").

Moreover, the Complaint defines the hazard as "an unmarked raised threshold or change of elevation," which does not provide information as to whether the condition is part of the vessel's structure or if there was a defect in the flooring. Without further information about the flooring, the Court cannot determine whether Plaintiff established notice by alleging the hazard existed for a sufficiently long time. Plaintiff's allegation that the hazard existed for "long enough to invite corrective measures" is a conclusory assertion that is insufficient to establish notice. *See* ECF No. [1] ¶ 17;[1] *see also Newbauer v. Carnival Corp.*, 26 F.4th 931, 935-36 (11th Cir. 2022) ("[W]hile Newbauer alleged in her complaint that the substance 'had existed for a sufficient period of time before [her] fall' such that Carnival had constructive notice of its presence, she failed to allege any facts in support of this conclusory allegation."). Additionally, Plaintiff's reference to the "inspection schedule" for the area also does not provide any details regarding the nature or frequency of those inspections. *See* ECF No. [1] ¶ 17. The mere existence of inspections and maintenance is insufficient to establish notice. *See Fawcett*, 682 F. Supp. 3d at 1110-1111 ("Plaintiff's reference to Defendant's inspection schedule and cleaning policies, without any

---

[1] In Response, Plaintiff states that the threshold was in place "presumably the entire time Ms. Bisessar was on board." ECF No. [7] at 6. The Court need not address that allegation because "a litigant cannot supplement his or her pleadings in a response to a motion to dismiss." *Armbrust v. Carnival Corp.*, No. 1:24-cv-24259, 2025 WL 889360, at * 4 (S.D. Fla. Mar. 6, 2025), *report and recommendation adopted*, 2025 WL 886944 (S.D. Fla. Mar. 21, 2025). Even so, "presumably the entire time Ms. Bisessar was on board" is merely speculation absent any factual support.

Case No. 25-cv-25539-BLOOM/Elfenbein

additional facts to clarify what those policies are or how their implementation would have created notice, is similarly insufficient [to allege notice].”). Therefore, Plaintiff has failed to plead facts necessary to establish that Defendant had notice of the allegedly hazardous raised threshold or sudden change in elevation. Because notice is required for both Counts, the Complaint is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss Plaintiff's Complaint, **ECF No. [6]**, is **GRANTED.**

2.  Plaintiff's Complaint, ECF No. [1], is **DISMISSED without prejudice.**

3.  Plaintiff may file an amended complaint that addresses the above deficiencies by **May 18, 2026.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

11